NO. 12-10-00042-CR

            

IN THE COURT OF APPEALS 

 

            TWELFTH COURT OF APPEALS DISTRICT

 

                                      TYLER,
TEXAS

ROY EARL ALEXANDER,                              §                 APPEAL
FROM THE 411TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 TRINITY
COUNTY, TEXAS

                                                                                                 


MEMORANDUM
OPINION

Roy Earl Alexander appeals his conviction
for robbery.  In three issues, Appellant argues that the evidence is legally
and factually insufficient to support the conviction and that he was denied a
fair and impartial jury.  We affirm.

 

Background      

            Appellant bought Evelyn Corley five dollars worth
of gas to drive him to TD’s Liquor Store, which is located north of Trinity,
Texas.  Once they arrived, Appellant, Corley, and another of Corley’s friends
went into the store together.  Corley and her friend shopped, but Appellant had
a different idea.  Danny Duncan, the owner of the store, watched as Appellant
put a bottle of whiskey in his pants.  Duncan told him to put the bottle back,
but Appellant did not comply.  Instead, he tried to leave the store.  When Duncan
tried to stop him, Appellant pulled out the bottle and tried to hit Duncan with
it.  The bottle fell and broke, and the two men fought.  

Appellant was arrested and later charged
with the felony offense of robbery.[1] 
In pertinent part, the indictment alleged that Appellant, while in the course
of committing a theft of property, and with the intent to obtain or maintain
control of said property, intentionally, knowingly, or recklessly caused bodily
injury to Duncan by striking him with his fist and cutting him.  The indictment
also alleged that Appellant had two prior convictions for felony offenses.

Appellant pleaded not guilty, and a jury
trial was held.  At trial, Duncan was asked if Appellant hit him with his
fist.  Duncan replied, “Yes, sir, I think so.”  Duncan also identified
photographs that “look like I might have been hit on the right chin.”  When he
was asked whether Appellant was “the man that [sic] hit you with his fist,”
Duncan replied, “Yes, sir.”  On cross examination, however, Duncan was less
positive about being hit with Appellant’s fist.  After being asked “you don’t
have any specific recollection of my client striking you with his fist.  That’s
the truth, isn’t it[,]” Duncan replied, “I guess so.”  On redirect examination,
Duncan said, “Well, he definitely hit me.”  When asked how Appellant hit him, Duncan
replied, “With his fist.”   On recross examination, Duncan was asked again if
he was sure Appellant hit him with his fist.  Duncan said, “Well, he swung at
me.  I know that.”  But he also admitted that “it’s kind of hard to know where
your injuries are coming from because you are dodging, dodging fists at the
time.”

            Evelyn Corley testified that Appellant “hit [Duncan],”
that he “went to the floor,” and that Appellant “starting beating the hell out
of him.”  She also testified that Appellant “began to assault him.”  When asked
how Appellant assaulted Duncan, Corley said, “He hit him.”  

            Both sides presented additional evidence and
rested.  During closing argument, the prosecutor received some unexpected encouragement
from a member or members of the jury. As the State was making its closing
argument, the prosecutor said, “I think that should be counting for him
[Duncan] because he is being honest with you.”  One of the jurors interjected, “Right.” 
When the prosecutor said “[t]here are only two verdicts you can give, guilty or
not guilty,” a juror said, “That’s right.  Sure.”  Finally, the prosecutor
said, “You can send the most important message here that if you do the crime
you are going to do the time,” and a juror said, “That’s right.”  Appellant did
not object.    

            The jury found Appellant guilty as charged.  The
parties waived trial by jury for the sentencing phase of the trial.  The trial
court found that Appellant had two prior felony convictions, and assessed a
sentence of imprisonment for twenty–five years.  This appeal followed.

 

Evidentiary Sufficiency

            In his first and second issues, Appellant argues
that the evidence is legally and factually insufficient to support his
conviction.  Specifically, Appellant contends that the State’s evidence fails
to establish that he hit Duncan with his fist.  

Standard of Review 

Prior to 2010, Texas appellate courts
reviewed both the legal and factual sufficiency of the evidence to support a
verdict in a criminal case.  Legal sufficiency review is defined by Jackson
v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed.
2d 560 (1979).  Factual sufficiency review is defined by Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  In October 2010, the court of
criminal appeals held that there is “no meaningful distinction between the Jackson
v. Virginia legal sufficiency standard and the Clewis
factual sufficiency standard” and overruled Clewis and its
progeny.  See Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim.
App. 2010) (plurality opinion).  The court held that “the Jackson v.
Virginia standard is the only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each element
of a criminal offense that the State is required to prove beyond a reasonable
doubt.”  See id.  Accordingly, we will not independently
consider Appellant’s argument that the evidence is factually insufficient to
support the verdict.  See Martinez v. State, 327 S.W.3d
727, 730 (Tex. Crim. App. 2010).

When reviewing the sufficiency of the evidence,
we view all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  See Jackson,
443 U.S. at 315-16, 99 S. Ct. at 2786-87; Brooks v. State, 323
S.W.3d at 899.  Under this standard, a reviewing court does not sit as a
thirteenth juror and may not substitute its judgment for that of the fact
finder by reevaluating the weight and credibility of the evidence.  See Brooks,
323 S.W.3d at 899; Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999).  Instead, a reviewing court defers to the fact finder’s
resolution of conflicting evidence unless that resolution is not rational in
light of the burden of proof.  See Brooks, 323 S.W.3d at
899–900.  The duty of a reviewing court is to ensure that the evidence
presented actually supports a conclusion that the defendant committed the
crime.  See Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim.
App. 2007).

The sufficiency of the evidence is measured
against the offense as defined by a hypothetically correct jury charge.  See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a
charge would include one that “accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State=s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant is tried.”  Id.  

In this case, to support Appellant’s conviction
for robbery, the State’s evidence had to show that Appellant, while in the
course of committing a theft of property, and with the intent to obtain or
maintain control of said property, intentionally, knowingly, or recklessly
caused bodily injury to Duncan.  See Tex.
Penal Code Ann. § 29.01(a)(1) (Vernon 2003).  Bodily injury is defined
as “physical pain, illness, or any impairment of physical condition.”  Id.
§ 1.07(8) (Vernon Supp. 2010).  

Analysis

            Appellant contends the evidence is insufficient
to support the verdict because Duncan could not say for sure that Appellant hit
him with his fist.  The State does not argue that it did not have to prove that
Appellant hit Duncan with his fist.  Instead, the State argues that there is
sufficient evidence to support the jury’s conclusion that Appellant hit Duncan
with his fist.  

The jury, as the finder of fact, is the sole
judge of the weight and credibility of the witnesses’ testimony. See Tex. Code Crim. Proc. Ann. arts. 36.13
(Vernon 2007), 38.04 (Vernon 1979). As such, it is within the province of the
jury to weigh and consider the testimony, believing those portions of the
testimony they find credible, and setting aside other parts.  See, e.g.,
Lafoon v. State, 543 S.W.2d 617, 620 (Tex. Crim. App. 1976).  In
our review, we can disregard some evidence that supports the verdict in the
appropriate case, but we must be appropriately deferential so as to avoid
substituting our own judgment for that of the fact finder.  Wesbrook v.
State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000).  In other words, our
review should not substantially intrude upon the jury's role as the sole judge
of the weight and credibility of witness testimony.  Id.; see
also Brooks, 323 S.W.3d at 899.  

The jury in this case was confronted with
conflicting testimony on the issue of whether Appellant hit Duncan with his
fists.  In favor of the verdict, there is Duncan’s testimony that he was
dodging Appellant’s swinging fists, and that he was hit with Appellant’s fist. 
There is also Corley’s testimony that she saw Appellant hit Duncan, that he
“started beating the hell out of him,” and that she saw Appellant hit Duncan
with his hand, which she assumed was a closed hand. 

As Appellant points out, there is evidence
that is contrary to the verdict.  While Duncan said he was hit by a fist, he
equivocated on cross examination, saying he was not certain he was hit with
Appellant’s fist.  Also, Corley testified that she was not sure if Appellant’s
hand was opened or closed when he hit Duncan, and she had made inconsistent
statements prior to trial.  Specifically, she told officers at the scene and in
a statement that she had not seen a fight.  

This conflict in the evidence does not cause
us to lack confidence in the verdict.  There was ample evidence that Appellant
hit Duncan with his fist.  If the jury understood Duncan’s responses to cross
examination questions to be an attempt to be very precise about whether he
actually saw Appellant’s fist hit his head, that would be a reasonable
conclusion.  Duncan saw a number of things that were consistent with his being
struck by Appellant’s fist, including fists being directed at him immediately
before he was hit.  Even if he could not testify that he actually saw the moment
of impact when Appellant’s fist hit his body, the jury could decide to credit
his testimony that he was struck by Appellant’s fist and reconcile the
remainder of the testimony around that conclusion. Likewise, whether Corley was
telling the truth at trial or in her statement to the police is a credibility
determination that is for the jury to make. 

Because the jury’s resolution of conflicting
testimony and evidence was reasonable, we hold that the evidence is legally
sufficient to support the verdict.  We overrule Appellant’s first and second
issues.

 

Juror Comments

            In his third issue, Appellant contends he was
deprived of his right to a fair and impartial jury, and his rights to due
process of law and due course of law were violated when a juror responded
vocally to the State’s closing argument.  

            Appellant’s argument on this issue relates to the
comments made by jurors during the State’s closing argument.  Appellant cites
only two cases in support of his brief argument that these outbursts deprived
him of the right to a fair trial.  He cites Uranga v. State, 247
S.W.3d 375 (Tex. App.–Texarkana 2008, pet. granted)[2] for
the proposition that a jury may not be partial.  He cites Taylor v. State,
420 S.W.2d 601, 607 (Tex. Crim. App. 1967),[3] for the proposition, as
stated by the court in that case, that the “atmosphere essential to the
preservation of a fair trial – the most fundamental of all freedoms – must be
maintained at all costs.”  These are unassailable principles, but Appellant
does not advance the argument to address the circumstances presented in this case.
 Generally, we will not make arguments for parties, and Appellant’s argument
falls short of a fully developed argument on this issue.  See Tex. R. App. P. 38.1(h); Wyatt v.
State, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000); see also Candenas
v. State, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000).  To the extent
that we understand Appellant’s argument to be that the outbursts constitute
reversible error, we disagree.    

First, a contemporaneous objection in the
trial court is a prerequisite for most appellate complaints.  See Tex. R. App. P. 33.1.  Appellant did
not object when the juror spoke.  He also did not request any relief or any
investigation by the court into the motives or thoughts of the jurors.  Accordingly,
there is no complaint preserved for our review.  

Second, we note that two of the three juror
statements did not indicate bias.  Appellant’s argument did not depend on
Duncan being an unreliable witness.  Therefore, if the juror statement showed
that he agreed Duncan was being honest, that does not, by itself, show that the
juror was biased against the defense.  Likewise, the prosecutor’s statement
that only a guilty or not guilty verdict was available is not a controversial
statement and the statement agreeing with that assertion does not indicate any
kind of bias.  The statement voicing agreement with the statement that a person
who commits a crime will “do the time” is closer to showing that the juror had
chosen sides, although the statement is also capable of being interpreted
neutrally.  

These statements came at the end of the
trial.  We require that jurors not prejudge a case, but at the end of a trial
we ask them to make a judgment.  Even if this juror’s agreement with the
statement that those who commit crimes should “do the time” is evidence that he
had made a judgment, it was a judgment that came after consideration of the
evidence, not in advance of trial.  We do not know more about the statements
that were made or if it would be possible to draw additional conclusions as to
whether there were jurors who had prejudged the case because Appellant elected
not to object when the statements were made.  

Because Appellant did not object when a
juror or jurors made comments during closing argument, he has failed to
preserve this complaint for our review.  We overrule Appellant’s third issue.

 

Disposition

            Having overruled
Appellant’s three issues, we affirm the judgment of the trial
court.

 

 

    SAM GRIFFITH   

          Justice

 

Opinion
delivered March 23, 2011.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1] See Tex. Penal Code Ann. § 29.02(a)(1)
(Vernon 2003).





[2] The
Uranga opinion was affirmed by the court of criminal appeals
after the completion of briefing in this case.  See Uranga v. State,
330 S.W.3d 301 (Tex. Crim. App. 2010). 





[3] The
Taylor decision has been overruled on other grounds.  See
Jackson v. State, 548 S.W.2d 685, 690 n.1 (Tex. Crim. App. 1977).